UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

_____
                                        )
**SAUL LOPEZ-MENDOZA, et al.,**         )
                                        )
                                        )
          **Plaintiffs,**               )          **CIVIL ACTION**
                                        )
**vs.**                                 )          **No. 4:03cv321-RH/WCS**
                                        )
**RICHARD KENDA, et al.,**              )
                                        )
          **Defendants.**               )
_____)

## FINAL JUDGMENT

This case came before the magistrate judge on July 6, 2005, at a hearing to determine the lawfulness, reasonableness, adequacy and fairness of the proposed class settlement in this action.

On April 13, 2005, the magistrate judge entered an order directing that notice be given to members of the certified class in this case, said notice advising the class members of the terms of the proposed settlement, of their right to object to it and of the time and place of this hearing. The magistrate judge heard and considered the presentations of counsel regarding the notice to the class through Spanish written media and the total lack of responses to this class notice. The magistrate judge was advised that the parties have agreed to the entry of an order they prepared that is substantively identical to this Final Judgment. The magistrate judge entered a report and recommendation concluding that such an order should be entered. No objections to the report and recommendation have been filed, and the deadline for objections has passed.

Based on the foregoing, the Court hereby FINDS that:

A.  The terms and provisions of this Court's order of April 13, 2005 in this case have been carried out by the parties.

B.  The terms of the settlement contemplated herein are found in the Mediation Settlement Agreement previously filed with the Court, and the terms thereof are incorporated herein and made a part hereof.

C.  The notice to the class was appropriate, given the circumstances of this case and the paucity of payroll information and addresses of the individual class members, and the limited Spanish language mass media available in the area of the Defendants' operations;

D.  The settlement is lawful, fair, just, reasonable and adequate after considering among other things that the settlement was reached after good faith, arms-length negotiations by experienced and capable counsel for the class and in the absence of collusion; the limited financial resources of the Defendants; the likelihood of the Plaintiffs' success in obtaining the relief prayed for; the fact that all of the settlement funds will be paid to Plaintiffs and the other members of the class, with the Plaintiffs' counsel foregoing any claim for costs or attorney's fees; the cost, complexity and duration of litigation if pursued; the disruption of the Defendants' business and other matters bearing on the best interest of the parties, including the absence of objection by any class member or potential class member to the settlement contemplated by the Mediation Settlement Agreement.   In particular, the Court find that the injunctive relief obtained through the Mediation Settlement Agreement provides important benefits and protections for any farmworkers who may be employed by Defendants Richard Kenda and/or Beverly Kenda in the future, and assists governmental agencies in their oversight of the Defendants' activities in the future.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

- 2 -

1.   A settlement class consisting of the following persons is permanently and finally certified under Rule 23(e) of the Federal Rules of Civil Procedure, the Court finding that the requirements of that rule are met:

> All migrant agricultural workers, as defined by the AWPA, 29 U.S.C. § 1802(8), who were employed by the Defendants during the 2003 vegetable season on the Defendants' operations in or near Madison County, Florida and who were furnished with housing and/or transportation by the Defendants for which withholdings were made from their wages.

2.   The settlement contemplated in the Mediation Settlement Agreement is finally approved and the parties are directed to continue to perform in compliance with the terms, and subject to all conditions thereof;

3.   As an essential and integral part of the parties' settlement, the Court enters the following injunction, to which the Defendants have consented.  This injunction is intended to ensure that if Defendants Richard Kenda, Beverly Kenda or Virginia Oro engage in any future farm labor contracting activities, as defined by 29 U.S.C. § 1802(6), they shall fully comply with the requirements of the Migrant and Seasonal Agricultural Worker Protection Act and the Florida Migrant Labor Housing Act.   The Migrant and Seasonal Agricultural Worker Protection Act defines "farm labor contracting activities" as recruiting, soliciting, hiring, furnishing, transporting or employing migrant or seasonal agricultural workers.  Accordingly, it is ordered that in the course of any employment of or farm labor contracting activities with any seasonal or migrant agricultural worker, Defendants Richard Kenda, Beverly Kenda and Virginia Oro shall do the following:

> a.      With respect to each migrant or seasonal agricultural

worker, make, keep and preserve for three years data showing for each workweek the following information: the worker's name, permanent address if provided by the employee, Social Security number, total hours worked on a daily basis, the piece-rate or hourly rate paid, the number of piece-work units earned, the total pay period earnings, and any withholdings from wages and the purpose for each such withholding;

b.     Provide to every migrant or seasonal agricultural worker at each payday a written statement relating to his or her employment during the pay period showing the following information: the employer's name, address and Internal Revenue Service employer identification number, total hours worked on a daily basis, the piece-rate or hourly rate paid, the number of piece-work units earned, the total pay period earnings, and any withholdings from wages and the purpose for each such withholding;

c.     Pay when due all wages earned by any migrant or seasonal agricultural worker. For purposes of this agreement, "wages" includes any Social Security taxes due under the Federal Insurance Contributions Act and any unemployment compensation taxes due under federal or

state law.  Richard Kenda, Beverly Kenda and Virginia Oro shall annually file with the Internal Revenue Service W-2 forms reporting the earnings of all migrant and seasonal agricultural workers employed by them the prior year, unless such employment was service performed by a foreign agricultural worker lawfully admitted to the United States on a temporary basis to perform agricultural labor, as defined by 26 U.S.C. § 3121(b)(1);

d.   Refrain from transporting or causing the transportation of any migrant or seasonal agricultural worker in any vehicle that does not conform to safety standards promulgated by the Secretary of Labor under the Migrant and Seasonal Agricultural Worker Protection Act.  For purposes of this section, "causing the transportation" is to be interpreted and applied consistent with the decision in *Saintida v. Tyre*, 783 F.Supp. 1368, 1373 (S.D. Fla. 1992).

e.    Refrain from transporting or causing the transportation of any migrant or seasonal agricultural worker in any vehicle that is not insured as required by regulations promulgated by the Secretary of Labor under the Migrant and Seasonal Agricultural Worker Protection Act.  For purposes of this section, "causing the transportation" is to be interpreted and

applied consistent with the decision in *Saintida v. Tyre*, 783 F.Supp. 1368, 1373 (S.D. Fla. 1992).   To satisfy this requirement, the vehicle must have liability insurance in the amounts required by the regulations implementing the Migrant and Seasonal Agricultural Worker Protection Act, either/or be covered for purposes of the transportation by a worker's compensation policy that is in full force and effect;

f.   Refrain from permitting any migrant agricultural worker to occupy any housing or real property they own or control without first obtaining a certification from an appropriate health authority that the facility complies with applicable state and federal safety and health standards;

g.   Ensure that any housing or real property they own or control that is occupied by any migrant agricultural worker complies with applicable state and federal regulations. However, it is recognized by the parties that each worker is responsible for personal hygiene, proper cleaning of personal area, kitchen area or bathroom, mattresses on bed frames and other general safety and health regulations;

h.   Refrain from resisting, opposing, impeding or interfering with any official of the United States Department of Labor

- 6 -

assigned to perform an investigation or inspection under either the Migrant and Seasonal Agricultural Worker Protection Act or the Fair Labor Standards Act. Richard Kenda, Beverly Kenda and Virginia Oro shall not bar the entry onto their property or operations of any official of the United States Department of Labor performing an investigation or inspection under either the Migrant and Seasonal Agricultural Worker Protection Act or the Fair Labor Standards Act. Nothing in this provision shall prevent Richard Kenda, Beverly Kenda or Virginia Oro from using videotape or still pictures to record the investigation. This provision does not bar the Defendants from requiring that these inspectors or investigators check in with the farm office. Any interviews conducted by investigators or inspectors shall be on the employees' time, provided that such practices are consistent with the requirements of the Fair Labor Standards Act;

i.      Refrain from resisting, opposing, impeding or interfering with any official of the Madison County Health Department or the Florida Department of Health assigned to perform an investigation or inspection under the Florida migrant housing act, Fla. Stat. §§ 381.008, *et seq*., including those

provisions relating to provision of toilets, handwashing facilities and drinking waters at the place of employment. Richard Kenda, Beverly Kenda and Virginia Oro shall not bar the entry onto their property or operations of any official of the Madison County Health Department or the Florida Department of Health performing an investigation or inspection under the Florida migrant labor housing act, Fla. Stat. §§ 381.008, *et seq*., and/or Florida statutes or regulations relating to the provision of field toilets, handwashing facilities and drinking water to agricultural workers. Nothing in this provision shall prevent Richard Kenda, Beverly Kenda or Virginia Oro from using videotape or still pictures to record the investigation. This provision does not prevent the Defendants from requiring that such inspectors or investigators check in with the office. Any interviews conducted by investigators or inspectors shall be on the employees' time, provided that such practices are consistent with the Fair Labor Standards Act;

j.      With respect to any migrant labor camp or residential migrant housing facility they own or control, refrain from resisting, opposing, impeding or interfering with the entry

onto said facility by any invited guest or other authorized
visitor, as defined by Fla. Stat. § 381.008(6).   This
provision expressly includes any employee of a non-profit
legal assistance organization.   If an invited guest or
authorized visitor comes to the property or operations, the
Defendants may insist that the invited guest or authorized
visitor check in with the farm office first before entering the
workplace or the workers' living quarters.  The visit of an
invited guest or authorized visitor should not be during
work hours.  If the visit occurs during work hours, the
employee shall not remain "on the time clock" during the
visit.  If someone has not checked in with the office and is
found on the property, a trespass warning may be issued.

4.   Judgment is hereby entered against Defendants Richard Kenda and Beverly Kenda,
jointly and severally, in the amount of $48,000.00, as provided for in the parties' Mediation
Settlement Agreement.   This judgment amount consists of $3,000.00 to be paid to the named
Plaintiffs and $45,000 to be paid to the members of the certified class.   Post-judgment interest
shall accrue on these judgment amounts at lawful rate under Florida law.    These sums are to be
paid to the client trust account of Florida Legal Services, Inc., counsel for the Plaintiffs.

5.  As provided in the parties' mediation Settlement Agreement, the parties shall bear their
own costs in this action, except as provided for in Paragraph 5(c), below.

6.  The portion of the judgment to be paid to the class members pursuant to Paragraph 4

and the parties' Mediation Settlement Agreement shall be distributed as provided in this paragraph.

      a.    When the damages due the class under Paragraph 4 are paid as provided for in that paragraph, counsel for the Plaintiffs shall notify in writing all class members for whom addresses are available.  In addition to addresses obtained through discovery, outreach or in response to the class notice, counsel for the Plaintiffs shall contact the Defendants to determine whether they have knowledge of the current whereabouts of any class members, including any individual class members who may be still employed at Kenda Farms.  The class members shall be directed to submit a claim form to counsel for the Plaintiffs within 180 days of the date on which the damages due the class are paid to the Plaintiffs' counsel.

      b.    After the conclusion of the 180 day period set out in the preceding subparagraph, the class damages shall be divided equally among the class members filing valid and verifiable claims.  A maximum of two thousand dollars ($2,000.00) shall be paid to any class member from the $45,000 in damages paid to the class.

      c.    If a portion of the class damages remain undistributed following the payments described in the preceding subparagraph, counsel for the Plaintiffs shall notify the Court.  At that juncture, the Plaintiffs may petition the Court for this unpaid amount to be used to reimburse their counsel for out-of-pocket expenses incurred in this litigation, including deposition, travel and lodging expenses

related to this action.   If any portion of the class damages remain after the Plaintiffs' counsel's verifiable out-of-pocket costs have been paid, that sum shall be paid to a non-profit service organization assisting immigrant farmworkers from Mexico.   The Court would invite the suggestion of the Plaintiffs' counsel in identifying such a non-profit organization.

7.   Defendants Richard Kenda, Beverly Kenda and Virginia Oro are released from all damage and other claims of the Plaintiffs, and all members of the class, their heirs, representatives, agents, attorneys, successors, or assigns, or anyone claiming on their behalf, which have been raised or asserted in this action; and,

8.   This action is hereby dismissed with prejudice, except to reserve jurisdiction to enforce the terms of this final order and the parties' Mediation Settlement Agreement.   The Court expressly reserves jurisdiction to enforce through its contempt powers or otherwise the provisions of its injunction hereby entered, and especially those provisions of the injunction relating to entry onto the Defendants' property by officials of the United States Department of Labor, Madison County Health Department or the Florida Department of Health.

DONE AND ORDERED at Tallahassee, Florida this 26th day of July, 2005.

s/Robert L. Hinkle
Chief United States District Judge

cc:   Gregory S. Schell, Esq.
Richard Kenda
Beverly Kenda
Virginia Oro